# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | Case No.: 2:11-cr-00252-GMN-CWH |
| ) | |
| CLAYTON JOHN, ) | **ORDER** |
| ) | |
| Defendant. ) | |
| ) | |

Pending before the Court is Defendant's Motion for Pre-Sentence Credit to be Applied Toward Federal Sentence (ECF No. 33).

The authority of the Attorney General to compute sentences has been delegated to the Federal Bureau of Prisons by 28 C.F.R. § 0.96 (2010); 18 U.S.C. § 3585; *United States v. Wilson*, 503 U.S. 329, 112 S.Ct. 1351 (1992) (It is the Attorney General who computes the amount of the § 3585(b) credit after the defendant has begun to serve his sentence; section 3585(b) does not authorize a district court to compute the credit at sentencing.)  The Defendant has failed to reference any legal authority which would enable this Court to provide the relief requested in the form of a motion.  Accordingly, Defendant's Motion for Pre-Sentence Credit to be Applied Toward Federal Sentence (ECF No. 33) **DENIED without prejudice**.

Inasmuch as the Defendant may actually 1) be seeking to contest the calculation of his sentence by the Bureau of Prisons pursuing a § 2241 Petition for Writ of Habeas Corpus, where a $5 filing fee does apply, 2) be seeking to set aside his plea of guilty by claiming that his counsel, AFPD Paul Riddle advised him that he would receive such credit if he pled guilty and Defendant's further claim that this advice was "one of the primary reasons he did so," the Clerk

of Court is ordered to provide the Defendant with a copy of both forms used to file a claim pursuant to 18 U.S.C. §§ 2241 and 2255.

**DATED** this 29th day of October, 2013.

_____
Gloria M. Navarro
United States District Judge